(No. 74-194—▮▮▮▮▮▮▮)

LAWRENCE STONE, Claimant, *vs.* STATE OF ILLINOIS, ILLINOIS JUNIOR COLLEGE BOARD, Respondent.

*Opinion filed September 22, 1975.*

STATE EMPLOYEES' BACK SALARY
*Renewal of contract of employment*

BURKS, J.

This matter is now before the Court for a ruling on Respondent's motion for a summary judgment. As prologue to our ruling, we briefly summarize the facts as follows:

This claim is based on an alleged breach of a contract of employment.

The alleged contract consisted of a letter dated October 29, 1971, from Respondent's Executive Secretary notifying the Claimant that "the Illinois Junior College Board at its meeting on October 15 authorized your appointment to a position on the staff of the Illinois Junior College Board at an annual salary rate of $20,000." The said letter of appointment consisted of two paragraphs; it stated that he could use the title of

"Construction Engineer." It made no reference to any specific term or period of Claimant's employment.

Respondent's letter dated September 19, 1972, confirming earlier discussions with the Claimant in July and August, notified the Claimant that his position and employment would be terminated as of October 1; that arrangements had been made to keep him on the payroll of a different agency, the Capital Development Board, through the month of October; that Claimant should take the leave time he had coming during the remainder of September; and that the I.J.C. Board would not have any funds left in its budget after October 1 to pay Claimant any salary or leave time.

On November 1, 1973, 13 months after Claimant's termination, Claimant filed his complaint in the Court. It states that after the date his employment was terminated, Respondent failed to pay Claimant any salary and alleges that this was contrary to his "annual salary agreement." The complaint seeks $21,945 for salary allegedly due and $1,771 for 23 days of accumulated leave allegedly due him.

Respondent's answer admitted hiring the Claimant for a period from October 21, 1971, through September 30, 1972, but denied that the Claimant is liable for more than a one year contractual relationship. As an affirmative defense, Respondent contends there is no expectancy of reemployment after the expiration of a one year contract.

On May 13, 1975, Respondent filed a motion for summary judgment with supporting affidavits pursuant to §56 of the Civil Practice Act, and its Memorandum of Law in support of said motion was filed June 3.

On May 19, 1975, Claimant filed objections to Respondent's motion, stating that "there are substantial

questions of fact to be resolved through trial" without any suggestion as to what the issues of fact might be. Claimant's previous reply to Respondent's affirmative defense, denying that his employment was only for a period of one year, raises a question for legal interpretation and not a question of fact. Claimant indicated his intention to file a Memorandum of Law within 21 days after receipt of Respondent's memorandum, but no such document nor counter-affidavits have been filed by Claimant.

We find from the pleadings, affidavits, and admissions on file that the only issues in this cause are questions of law. Moreover, since Claimant has filed no counter-affidavits, we must be guided by the following rule stated in *Leon v. Miller, 23 Ill.App.3d 694, 699:*

> Where properly alleged facts in affidavits in support of motion for summary judgment are not contradicted by counter-affidavits, facts so averted must be taken as true, notwithstanding existence of contrary averments in pleadings of adverse party which purport to raise issues of fact.

Claimant's assumption that his employment was for a term of more than one year, in the absence of any statement in the contract to that effect, is without merit. The words in his letter of appointment, "at an annual salary rate of $20,000," means the rate of payment and not a contract for a fixed term. It was certainly not a tenure for life or during good behavior.

Claimant understood that he was just employed for a term of one year according to the following admission of his attorney in a letter to the Respondent dated November 1, 1972:

> Mr. Stone was employed by the Board for one year from approximately the middle of September, 1971 to September 30, 1972.

Such admission of fact by Claimant's attorney is admissible against his client, *I.L.P. Evidence Attorneys, §175.*

The U.S. Supreme Court struck down the right of expectancy of renewal of a contract of employment, stating that the Claimant "was not constitutionally entitled to a statement of reason or to a hearing on the decision not to rehire him." *Roth v. Board of Regents of State Colleges, 408 U.S. 564, 33 L.Ed.2d 548.*

Claimant does not deny that he was properly paid for a full year's service, nor that he was not properly advised by the Respondent to take his accumulated leave time off before his employment pay period terminated.

Respondent's motion for a summary judgment is hereby granted, and this claim is denied and dismissed.